**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Small Business in Transportation Coalition | ) | |
| 1775 I St., NW Suite 1150 | ) | |
| Washington, D.C. 20006 | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT** |
| | ) | |
| U.S. Department of Transportation | ) | **CIVIL ACTION NO:**_____ |
| 1200 New Jersey Ave., SE | ) | |
| Washington, DC 20590 | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| Elaine L. Chao, *in her official capacity as* | ) | |
| *Secretary of the Department of* | ) | |
| *Transportation* | ) | |
| 1200 New Jersey Ave., SE | ) | |
| Washington, D.C. 20590 | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| Federal Motor Carrier Safety | ) | |
| Administration | ) | |
| 1200 New Jersey Ave., SE | ) | |
| Washington, D.C. 20590 | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| Raymond P. Martinez, *in his official* | ) | |
| *capacity as Administrator of the Federal* | ) | |
| *Motor Carrier Safety Administration* | ) | |
| 1200 New Jersey Ave., SE | ) | |
| Washington, D.C. 20590 | ) | |
| | ) | |
| **Defendants** | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.     The Small Business in Transportation Coalition ("SBTC"), by and through the

undersigned Counsel, files this Complaint for declaratory and injunctive relief against

Defendants  United States Department of Transportation ("the Department"), Secretary Elaine L.

Chao ("Secretary"), Federal Motor Carrier Safety Administration ("FMCSA") and Raymond P.

Martinez, Administrator ("Administrator"), collectively, "the Defendants," and hereby allege the

following:

## JURISDICTION

2.      This action arises under the Administrative Procedure Act (APA), 5 U.S.C. §§553, 701-

706. This Court has subject matter over this action because it is a cause arising under federal law.

28 U.S.C. §1331. In addition, this Court has the authority to issue declaratory relief sought

pursuant to 28 U.S.C. §2201.

3.      This is an action against officers and agencies of the United States. Therefore, venue is

proper in this Court under 28 U.S.C. §1391(e). Venue and personal jurisdiction are also proper in

this Court because Defendants the  Department and the FMCSA  reside in this judicial district.

Defendants Elaine L. Chao and Raymond P. Martinez perform their official duties in this judicial

district, and the events giving rise to this action took place in this judicial district.

## THE PARTIES

4.      The SBTC is a 501(c)(6) trucking industry trade group representing interstate truckers

and motor carriers, among other small players in the transportation industry. SBTC brings this

lawsuit on behalf of its members.

5.      The SBTC has standing to bring this lawsuit against Defendants because (1) the

individual members of the SBTC are injured by the actions of the Defendants, (2) the interest

this lawsuit is trying to protect is germane to the SBTC's purpose, and (3) neither the claim

asserted nor the relief requested requires participation of individual members of the SBTC in the lawsuit.

6.      The United States Department of Transportation is a federal Cabinet department of the U.S. government concerned with regulating transportation in the United States.

7.      Secretary Elaine L. Chao is the Secretary of the United States Department of Transportation and is in charge of administering the rules and regulations of the Department and has delegated authority to the FMCSA in accordance with 49 U.S. Code § 322.

8.      The Federal Motor Carrier Safety Administration is an agency within the Department that regulates the trucking industry in the United States.

9.      Administrator Raymond P. Martinez is the administrator of the FMCSA and is in charge of administering its rules and regulations.

## FACTUAL ALLEGATIONS

10.      This lawsuit challenges the FMCSA's summary and unlawful delay in the decision of the SBTC's Electronic Logging Device ("ELD") Exemption Application, which SBTC filed on behalf of its membership; and FMCSA's summary and unlawful delay in the publication of the Notice of SBTC's Hours of Service ("HOS") Exemption Application relating to the City of Midland, Texas in the Federal Register. Both delays violate the APA because Congress has enacted a statute that expressly requires the FMCSA to take specific actions by a specific date.

11.      On February 1, 2018, the SBTC filed an ELD Exemption Application on behalf of its members with the FMCSA, in a letter addressed to FMCSA Deputy Administrator Cathy Gautreaux.

12.     On May 21, 2018, the ELD Exemption Application filed by the SBTC on February 1,

2018 was entered into the Department's  Docket and given Docket number FMC-180205-002. .

13.     On or about June 5, 2018, the FMCSA posted a Notice in the Federal Register requesting

public comments on the SBTC's ELD Exemption Application on behalf of its members. Public

comments were due by July 5, 2018.

14.      Nearly 2,000 public comments were made in response to the posting of the Federal

Register Notice regarding the SBTC's ELD Exemption Application.

15.     On July 9, 2018, the FMCSA posted a Notice in the Federal Register extending the

comment period for the SBTC's ELD Exemption Application to July 16, 2018.

16.     The FMCSA has yet to render and publish a decision in the Federal Register regarding

the SBTC's ELD Exemption Application, which was originally submitted November 20, 2017

and resubmitted at the FMCSA's direction on February 1, 2018.

17.     FMCSA's failure to make a decision on the SBTC's ELD Exemption Application and

publish that decision in the Federal Register violates 49 U.S. Code §31315(b)(7), which states:

> *(7) Applications to be Dealt With Promptly – The Secretary*
> *shall grant or deny an exemption request after a thorough*
> *review of its safety implications, **but in no case later than***
> ***180 days after the filing of such request (emphasis added).***

18.     It has been well over one year since the SBTC filed its ELD Exemption Application and

the FMCSA has still not rendered a decision on the application and filed it in the Federal

Register.

19.     It is the SBTC's belief that every other ELD exemption application that has been

submitted to the FMCSA for consideration and published in the Federal Register by other

trucking associations, was decided upon within 6 months from the date of filing, as per 49 U.S.

Code § 31315(b)(7).[1]

20.     The FMCSA purposely and intentionally discriminated against the SBTC and its

members by treating it differently than every other trucking association that filed an ELD

Exemption Application.

21.     In delaying and refusing to render and publish in the Federal Register a decision

regarding the SBTC's ELD Exemption Application, FMCSA failed to complete notice and

comment rulemaking within the specific time period of 180 days prescribed by Congress, failed

to provide a reasonable justification for its delay, acted arbitrarily and capriciously and in excess

of statutory justification, authority, or limitations or short of statutory right, and withheld or

unreasonably delayed agency action, all in violation of the Administrative Procedure Act, 5

U.S.C. § 552, et. seq.

22.     On October 1, 2018, the City of Midland, Texas enacted a law that prohibited the parking

of commercial vehicles on public streets and private areas citywide (local City of Midland

ordinance).

---

[1] For instance, an ELD Exemption Application to FMCSA was filed by the Owner-Operator Independent Driver Association (OOIDA) on Nov. 21, 2017, just one day after the SBTC announced it had submitted its application on Nov. 20, 2017; It took FMCSA a total of 6 months to publish the SBTC's application in the Federal Register compared to just 6 weeks in the OOIDA matter; FMCSA completed the OOIDA application process (which entailed over 4,000 comments to the docket) within 180 days of publishing same in the Federal Register in accordance with the law; FMCSA is now more than 9 months late beyond the 180 day period in the SBTC matter, which requires FMCSA read only 1,900 comments.

23.    The local City of Midland ordinance prevents operators of commercial motor vehicles

operating under ELDs from parking their vehicles to cease operation after 11 hours of driving

time, and from parking their vehicles to cease operation after having been on duty for 14 hours,

and from parking their vehicles to take their mandatory 30 minute break, as per FMCSA

regulations, within the city limits of the City of Midland.

24.    The local City of Midland ordinance imposes a $500 fine on interstate truck drivers who

park their vehicles in the City of Midland, when attempting to comply with Federal HOS

regulations.

25.    On February 12, 2019, in response to the City of Midland's ordinance, the SBTC filed an

application with the Secretary  for a class exemption of the HOS rules on behalf of SBTC

members, as well as all other truck and bus drivers who operate in interstate transportation and

pass through the City of Midland, Texas.

26.    The SBTC 's February 12, 2019 exemption application was in full compliance with the

Federal regulations relating to the process and procedure for filing an exemption request with the

FMCSA.

27.    On February 18, 2019, in response to an email from the SBTC's government affairs

consultant inquiring as to the status of the SBTC's exemption application against the City of

Midland, Larry W. Minor, Associate Administrator for Policy with the FMCSA responded:

> "We acknowledge the complaint against the City of Midland
> but do not believe the complaint should be construed to serve
> as an application for an exemption. The exemption statute and
> implementing regulations clearly require that you present an
> alternative to the regulations from which you seek relief. And
> you should present your assessment how the alternative would
> achieve the requisite level of safety."

28.     On February 19, 2019 SBTC President James Lamb wrote an email to  FMCSA

Associate Administrator for Policy, Larry W. Minor disagreeing with his analysis and stating

that the FMCSA does not have the legal authority to unilaterally determine what is an exemption

application and what is not. And further, the FMCSA has a duty to publish the document that is

intended to be an exemption to HOS regulations for truck drivers traveling through the City of

Midland, Texas "upon receipt".

29.     The FMCSA continues to refuse to publish the SBTC's HOS Exemption Application

relating to the City of Midland, Texas in the Federal Register for notice and public comment in

violation of its lawful obligation to do so.

30.     The FMCSA's failure to publish the SBTC's HOS Exemption Application relating to the

City of Midland, Texas in the Federal Register violates 49 U.S.C. §31315(b)(6)(A), which states

as follows:

> *(6) Notice and Comment – (A) Upon receipt of a*
> *request. – **Upon receipt** of an exemption request,*
> *the Secretary shall publish in the Federal Register*
> *(or, in the case of a request for an exemption from*
> *the physical qualification standards for commercial*
> *motor vehicle drivers, post on a website established*
> *by the Secretary to implement the requirements of*
> *section 31149) a notice explaining the request that*
> *has been filed and shall give the public an opportunity*
> *to inspect the safety analysis and any other relevant*
> *information known to the Secretary and to comment*
> *on the request. This subparagraph does not require*
> *the release of information protected by law from public*
> *disclosure (emphases added).*

31.     In failing to publish in the Federal Register  notice of receipt of the SBTC's HOS

Exemption Application  relating to the City of Midland, Texas "upon receipt" , the FMCSA

failed to engage in notice and comment rulemaking, failed to provide a justification for its

inaction, acted arbitrarily and capriciously and in excess of statutory justification, authority, or

limitations or short of statutory right, and withheld or unreasonably delayed agency action, all in

violation of the APA, 5 U.S.C. § 552, et. seq.

## CAUSES OF ACTION

## COUNT 1

### Failure To Adhere To Procedures Required By Law

32.    Paragraphs 1 through 31 of this Complaint are incorporated herein by reference.

33.    The APA  provides a general cause of action for parties adversely affected or aggrieved

by agency action for which there is no other adequate remedy in court. 5 U.S.C. §§ 702-704.

34.    Under the APA, a reviewing court shall  "compel agency action unlawfully withheld or

unreasonably delayed." 5 U.S.C. §706 (1).

35.    The APA requires all agencies to give "(g)eneral notice of proposed rule-making" and

provide "interested persons an opportunity to participate in the rule making through submission

of written data, views, or arguments with or without opportunity for oral presentation." 5 U.S.C.

§ 553(b), (c).

36.    The FMCSA violated 49 U.S.C. § 31315(b)(7) by failing to grant or deny the SBTC's

ELD Exemption Application request **within 180 days** after the filing date of such request.

37.     The FMCSA violated 49 U.S.C. § 31315(b)(6)(A) by failing to publish in the Federal

Register the SBTC's HOS Exemption Application request "**upon receipt**" of said exemption

request and commence a notice and comment period.

38.     As a result of FMCSA's failure to adhere to procedures required by law, the SBTC's

members suffered a direct injury.

39.     The FMCSA should therefore be required to immediately grant or deny the SBTC's ELD

Exemption Application request and publish that decision in the Federal Register pursuant to 5

U.S.C. § 706(2)(D).

40.     The FMCSA should therefore be required to immediately publish the SBTC's HOS

Exemption Application request as to interstate truck travel through the City of Midland, Texas in

furtherance of interstate commerce and commence a notice and comment period in the Federal

Register pursuant to 5 U.S.C. §706(2)(D).

## COUNT II

### Arbitrary and Capricious Action

41.     Paragraphs 1 through 40 of this Complaint are incorporated herein by reference.

42.     The APA provides a general cause of action for parties adversely affected or aggrieved

by agency action for which there is no other adequate remedy in court. 5 U.S.C. § 702-704.

43.     Under the APA, a reviewing court shall "hold unlawful and set aside agency action,

findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise

not in accordance with law … [and] in excess of statutory jurisdiction, authority, or limitations,

or short of statutory right." 5 U.S.C. § 706(2)(A), (C).

44.     When delaying, modifying, amending, and/or repealing a duly promulgated rule, the

agency must identify its authority or basis to do so.

45.     Under Section 13541(a) of title 49 of the United States Code (49 U.S.C. 13541),

> "the Secretary or the Board, as applicable, **<u>shall</u>** exempt a person, class of persons, or a
>
> transaction or service from the application, in whole or in part, of a provision of this part,
>
> or use this exemption authority to modify the application of a provision of this part as it
>
> applies to such person, class, transaction, or service, when the Secretary or Board finds
>
> that the application of that provision—

>> (1) is not necessary to carry out the transportation policy of section 13101;

>> (2) is not needed to protect shippers from the abuse of market power or that the
>>
>> transaction or service is of limited scope; and

>> (3) is in the public interest.

> (Emphasis added.)

46.     The FMCSA has no authority to delay decisions on exemption applications beyond the

180-day statutory requirement, yet it has done so in the case of the SBTC's ELD Exemption

Application but not in the case of other trade groups' ELD exemption applications.[2]

---

[2] The SBTC's original application was rejected by FMCSA in January 2018; SBTC was directed by FMCSA to meet application filing requirements that are obviously meant for individual motor carriers, not trade groups; To the best of SBTC's knowledge, FMCSA did not require OOIDA to comply with these same regulations and their application was immediately accepted "upon receipt" without issue and published in the Federal Register within 6 weeks, despite three end-of-the-year Federal Holidays. SBTC's application was not published until SBTC protested multiple times. There is a history of FMCSA treating SBTC's president in an arbitrary and capricious matter in the aftermath of two Federal lawsuits brought by Mr. Lamb against FMCSA. For instance, In a previous exemption application over the broker bond increase that Lamb filed as then-president of the Association of Independent Property Brokers & Agents (AIPBA) in August of 2013, the agency took 14 weeks to publish the application in the

47.     The FMCSA has no authority to withhold publication of exemption applications in the Federal Register upon receipt of such exemption applications.

48.     The FMCSA abused its discretion and acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right during the course of implementing the enabling legislation that directs the agency to issue exemption applications under specific circumstances and when it failed to render a decision on the SBTC's ELD Exemption Application request within the time period set forth in 49 U.S.C. § 31315(b)(7).

49.     The FMCSA abused its discretion and acted in excess of statutory jurisdiction, authority, or limitations, or short of statutory right when it failed to publish the SBTC's Hours of Service Exemption Application request in the Federal Register in accordance with 49 U.S.C. § 31315(b)(6) (A).

50.     As a result of FMCSA's failure to adhere to procedures required by law, the SBTC's members suffered a direct injury.

51.     The FMCSA should therefore be required to immediately grant or deny the SBTC's ELD Exemption Application request and publish that decision in the Federal Register pursuant to 5 U.S.C. § 706(2)(D).

52.     The FMCSA should therefore be required to immediately publish the SBTC's Hours of Service Exemption Application request as to truck travel through the City of Midland, Texas in the Federal Register pursuant to 5 U.S.C. §706(2)(D).

---

Federal Register rather than publish "upon receipt," and did not issue a determination until March 2015 in violation of the statute; the docket in the AIPBA exemption application matter shows the agency had to read just 81 comments. Mr. Lamb contends there is now a clear pattern of arbitrary, capricious and discriminatory treatment towards his non-profit trade group activities by FMCSA.

## COUNT III

### Action Unlawfully Withheld Or Unreasonably Delayed

53.     Paragraphs 1 through 52 are incorporated herein by reference.

54.     The APA provides a general cause of action for parties adversely affected or aggrieved by agency action for which there is no adequate remedy in court. 5 U.S.C. § 702-704.

55.     Under the APA, a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

56.     The FMCSA unlawfully withheld or unreasonably delayed its decision on the SBTC's ELD Exemption Application request within the time period set forth in 49 U.S.C. § 31315(b)(7).

57.     The FMCSA unlawfully withheld or unreasonably delayed its publication the SBTC's Hours of Service Exemption Application request in the Federal Register in accordance with 49 U.S.C. § 31315(b)(6) (A).

58.     As a result of FMCSA's failure to adhere to procedures required by law, the SBTC's members suffered a direct injury.

59.     The FMCSA should therefore be required to immediately grant or deny the SBTC's ELD Exemption Application request and publish that decision in the Federal Register pursuant to 5 U.S.C. § 706(2)(D).

60.     The FMCSA should therefore be required to immediately publish the SBTC's Hours of Service Exemption Application request as to truck travel through the City of Midland, Texas in the Federal Register pursuant to 5 U.S.C. §706(2)(D).PRAYER FOR RELIEF

12

Wherefore, Plaintiffs respectfully pray this Court to:

a. Declare the Defendants' failure to render a decision on the ELD Exemption Application unlawful in violation of the APA;

b. Declare the Defendants' failure to publish the HOS Exemption Application "upon receipt" unlawful in violation of the APA;

c. Order the Defendants to render an immediate decision on the SBTC's ELD Exemption Application and publish that decision in the Federal Register;

d. Order the Defendants to immediately publish the SBTC's HOS Exemption Application as to interstate truck travel through the City of Midland, Texas in the Federal Register, engage in the notice and comment period, and render a decision within 180 days;

e. Enjoin the Defendants from further violating the APA by failing to publish exemption applications "upon receipt," failing to commence the required notice and comment period, and failing to render decisions on said applications within 180 days;

f. Award all costs and expenses of bringing this action, including attorneys' fees and costs; and

g. Grant any other relief this court deems just and proper.

Respectfully submitted,

/s/ Laurence L. Socci
Law Office of Laurence L. Socci
(D.C. Bar #241318)
7903 Flamingo Dr.
Alexandria, VA 22306
(202) 262-5843
laurence.socci@dc-lawyer.us
*Attorney for Plaintiff*
